# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| SHAWN SUTTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-CV-8-RWS-JBB |
| | § | |
| MERRICK B. GARLAND, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Shawn Sutter, proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged deprivations of his constitutional rights. Docket No. 1. The case was referred to United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

Plaintiff paid the full filing fee and is not proceeding *in forma pauperis*. On February 12, 2025, the Court appointed the U.S. Marshal to serve process for Plaintiff and instructed the Marshal to contact Plaintiff and inform him of the cost of service. Docket No. 41. The Marshal notified the Court that Plaintiff could not be contacted because he had been released from confinement and no forwarding address was available. The online records of the Federal Bureau of Prisons confirm that Plaintiff was released from Bureau custody on December 27, 2024. To date, Plaintiff has not contacted the Court nor provided his current mailing address.

After review of the pleadings, the Magistrate Judge issued a Report and Recommendation on March 10, 2025, recommending that the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. Docket No. 42. The Magistrate Judge observed that Plaintiff would be barred by limitations should he attempt to address his claims in a new lawsuit and recommended that he be given a reasonable time to seek the reopening of this case. *Id.* at 2.

Plaintiff was released from prison on December 27, 2024, and the Magistrate Judge determined that four months is a reasonable amount of time in which to contact the Court to provide his address; thus, should Plaintiff contact the Court by April 27, 2025, the lawsuit should be reopened to allow him to proceed without a limitations bar.

A copy of the Magistrate Judge's Report was sent to Plaintiff at his last known address, but was returned as undeliverable. Local Rule CV-11(d) of the Local Rules of Court for the Eastern District of Texas states that a *pro se* litigant must provide the Court with a physical address and is responsible for keeping the Clerk of Court advised in writing of his current physical address. The docket shows that information regarding reporting a change of address was sent to Plaintiff on January 18, 2022, and he has twice filed notices of change of address in this case; thus, Plaintiff is aware of the requirement that he do so.

Because no objections to the Magistrate Judge's Report have been filed, an aggrieved party is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations. Moreover, except upon grounds of plain error, an aggrieved party is barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge (Docket No. 42) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court.  Should Plaintiff contact the Court regarding this case by April 27, 2025, the case will be reopened and he will be allowed to proceed.  The Court retains the power to consider a motion to reopen filed after that date, in accordance with Fed. R. Civ. P. 60(b), provided that good cause for the delay is shown.

**So ORDERED and SIGNED this 3rd day of April, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE